I'm sorry, your honor. May it please the court. I'm Barty Martin of Boyle-Martin-Taney. I represent the appellant in this matter, Jeffrey Martin. I'd like to reserve five minutes for rebuttal and I would like to use my time to address a few of the questions you may have. First off, I would like to address that this is a procedural statute. The statute at issue is procedural and not substantive. This is shown first in the legislative intent as the title that they chose to name the title of the statute, Election to Submit to Arbitration Procedure. So they include procedure in the statute. Moreover, Washington courts have analyzed similar statutes as addressed at length in the briefing and found those medical negligence statutes also were procedural, including the certificate of merit statute and the mandatory mediation statute, the revision that took place in 2007. The statute itself does not create any new right to relief. It simply creates a procedural mechanism to initiate arbitration. In addition to the mechanisms that were already present, both in state and federal courts, arbitration is available to the litigants. It was prior to that. And as a procedural statute, it should not be enforced in federal courts as a state's procedural statute. Counsel, the question about what's procedural and what's not gets a little muddy sometimes, certainly under Erie. Don't we start with Shady Grove to try to figure out whether there's a conflict between the state statute and the federal rule? Yes. And as outlined again in the briefs, there is. May I ask you this? Forgive me for interrupting, but I want to ask my question and try to stay out of your way so you can answer it. I think the district court decided that there was a conflict between the state provision that we're talking about, not the other two that have already been construed. This one has not been construed. I think he decided there's a conflict between it and state civil rule three. I'm trying to figure out why there would be a conflict with state civil rule three and not a conflict with federal civil rule three. Well, Your Honor, that is our position that there is a conflict with rule three, both the federal state rule three, the federal and state rule eight, and the federal and state rule 11. Are you familiar with Judge Easterbrook's opinion in the Young case for the Seventh Circuit case? I am not, Your Honor. It's a case where he said it sort of depends on what you're doing with this. It could be substantive, it could be procedural. And it really turned in the Seventh Circuit on when the case was dismissed. And he said there's a conflict with rule eight because the statute that requires you to file something else at the time of the complaint presents a conflict. But at the summary judgment stage, that's a substantive ruling. The state could come in at that point and say you haven't got enough, you haven't filed the correct certification. So this case, I just want to be sure, we're talking about a 12B6 ruling, yes? That is correct. And your position is that it conflicts with three, eight, and 11? It does. The first, if you don't mind, I'll address rule 11. In both state and federal, in the state and federal rule, they both provide that there doesn't need to be additional in pleadings. They don't need to be accompanied by an affidavit, any kind of sworn affidavit. In state courts, there's an exception for family law. Some family law pleadings require it. And in the federal law, obviously, if there is a federal law that requires it, it makes allowance for that. This is a rule under the federal rule 11A. Counsel, can I just push back on that a bit? Because rule 11 talks about you don't have to file a verified complaint, right? You don't have to file anything to verify the authenticity of the facts alleged, in other words, is my rough shorthand of that. And this declaration that we're talking about here under the Washington statute that ends with, I'd be calling it 020, is a very different kind of a declaration pertaining to arbitration. So I don't see a strong rule 11 argument for you. Do you want to respond? Well, you know, the plain language of that rule is, unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. That speaks for itself to a certain degree. There's a number of courts that have come down your way, but they seem to be relying on Rule 8. And Rule 8, we've made that argument for Rule 8 as well. What's your strongest argument, 3, 8, or 11? Well, I would, I think that's ultimately up for the three of you to decide. But I would, I think that on the, that they both are relatively strong. Rule 8 requires short, plain statement of the court's basis for jurisdiction, plain statement of the claim and the demand for relief, essentially. This adds an additional element necessary or an additional requisite necessary to file a plea. So certainly that collides directly with what Rule 8 lays out. Do I have the decision to be correct that if we don't find a conflict, we're not persuaded by your arguments about Rule 3, 8, or 11, then we look to an area analysis to figure out whether this Washington statute is substantive? Yes. Well, I think that if, if you can find first that it is procedural, that you would not need to go there if you, and then if, but yeah, I essentially, I agree with you. The district court held that the content of Rule 8 was exclusive and you couldn't add anything, citing an 11th circuit case and a Scalia treatise. Is that position just wrong? I'm sorry, your honor. I'm having a little difficulty hearing. The district court indicated that Rule 8 is exclusive. All that is required for a pleading is the elements in Rule 8, citing an 11th circuit case and a Scalia treatise. Is that position just wrong on that? Your honor, I apologize, but if I could come back to that after my break and review, I don't have an answer for you right now. Doesn't look like we have any additional questions at this point. Okay. Well, if that's the case, I'm happy to turn it, uh, time over to opposing counsel. We'll hear from opposing counsel next. Good morning. May it please the court. Ross Taylor, representing the appellees, NAVCAR, Inc., nurse practitioner, Rena Hughes, and nurse Janelle French. All state up front, I do have a tendency to, um, get hurried. So if I am cutting up, please let me know. Uh, we are asking the court to affirm district court Judge Benjamin Settle's partial order of dismissal disposing of the state malpractice allegations in response to the undisputed failure to comply with Washington's sustainable law. There are four reasons that the ruling should be affirmed. First, the plain text and your honor, I heard you refer to it as 020 for short. I think today I'll just call it the law, um, for clarity, but it's plain and ambiguous. It commands very simply that a claimant must do a very simple thing, elect or decline arbitration. Here, he did not. I don't believe that this law is vague or incomplete. It is a substantive law, um, that must be enforced at the federal level and that this court should advise making any sort of advisory ruling about potential conflicts with any state rules. Okay, council. Let's, let's, let's start there. So the, uh, the Washington revised, uh, the Washington statute at issue here, 7.70 a.020 in two a uses the term commencing and the term commencing is also rule used in rule three of the federal rules of civil procedure. And it tells us how a suit in federal court is rule eight tells us things that the complaint must have and sort of by negative implication, it suggests that there are other things that the complaint does not have to have anything else. So how do we, how do we reconcile this when Washington is telling us in order to commence the suit, you must do X. And that seems to be different from what's required under the federal rules. And I think, uh, it's instead of adding or changing what the definition of is under rule three, it just uses that as kind of a bookmark in time. It's saying that at the time of commencement, this is what must be done. It doesn't change the definition. And in that sense, I think, um, although the way polls, it may, it may not be directly conflicting with rule three. Um, but if you read through three and rule eight together, uh, it does seem to be inconsistent. So let's, let's suppose that the Washington statute said, uh, anybody who's filing, anybody who's filing a complaint in tort, uh, must file an affidavit, uh, notarized, uh, that says it's done in good faith. And that's all it is. It's just a good, it's just a good faith certification doesn't require outside experts or doctors or anybody else to, to look at the complaint, but it's just a notarized. Now, is that, does that move over to federal court? Well, there, I think you do have a problem because that is creating some, that would be, I think that'd be more in direct conflict with CR 11. Um, but again, that's, that's not what this law provides. It simply provides that the parties have been, well, it requires some kind of a certification. I've just changed the nature of the certification. Yes. But I think that the, um, degree of certification and what is being certified is, is significant. And so for example, as you referenced, even in the cases where it's asking for a or that there will be future evidentiary support, those are the types of provisions that have been struck down. And we're not arguing that those were incorrectly struck down. What we are saying is that this is a, um, provision that does not have any bearing that's outside or inconsistent or cannot be harmonized and coexist and coexist peacefully as the language with the federal rules. Are you familiar with the Seventh Circus decision in Young? Uh, I, I pull, well, I guess, I guess, no, I'm not. It's not, it's not, I'm not trying to trip either one of you with this question, but it, but it's just that most, most courts that have found a conflict have found a conflict, I think, with Rule 8. Um, and, and certainly some with Rule 3. I've, I've certainly telegraphed that I've got a Rule 3 question, but, but, and that I, I'm not particularly bothered by Rule 11, but, but what about Rule 8? How do you get around Rule 8? Well, I think that Judge Settle actually addressed that quite well. I think his, his language is, and I'm paraphrasing here somewhat, but he assessed that this law does not have, does not bear on stating a claim, so it doesn't implicate or offend CR 8. You're not making any sort of statement about the nature of. I'm not sure I understand that. Sure. So I think that if this had to do with the types of, and again, drawing parallels to the cases or laws that were overturned, if it has to do with saying, I, there will be more evidentiary support for this, or I have this expert saying that, um, I believe there is currently or will be evidentiary support, then that's going directly towards stating a claim. It's going towards the, the elements that you're seeking out to prove. Right. But, but counsel, as you know, Rule 8 says you need a short, plain statement. It says exactly what you need at the time of file, at the time of you know, we're at the time of filing, we're talking about a 12B6, and this adds something else to that. How's that, how's that not a conflict? Because I think that Rule 8 leaves open that there can be other things added to that. And I'm saying that I think it would be problematic if you were saying that something needed to be added to it that was above and beyond what Rule 8 commands. So if you're saying that you needed more than a short, plain statement of the grounds for jurisdiction or more than stating that you're entitled to relief, then you would have problems, as was done in Putnam-Waples and really what was done with Certificate of Merit statutes across the nation. So you're pushing back against Judge Bybee's proposition that by, in Rule, I think, that in Rule 8 where it says, here's what you need, you know, and it lists short, plain statement, his proposition was that the implied is that you don't need anything else. Yes, I think that it leaves open that you can't have requirements for something else as long as it's not inconsistent with what is being commanded. Which is to say, I don't think that that is an exhaustive list, especially as long as it doesn't implicate. Now that leaves a very narrow territory of things that could be required that wouldn't defend those statements. But here, I think this falls into, it's seeking out to encourage an appropriate legislative goal of encouraging arbitration. And that can really only be done if there is strict enforcement of it in mandatory language. Otherwise, it could just, essentially, it's just there for show. So here, being able to do that, I think, makes it consistent with... But I think you might be talking me out of Rule 11 and thinking that that is weak. Because to circle back to Judge Bybee's point, he's just changed the nature of what the declaration is, what the affidavit is that has to be filed at the time. So why isn't that a conflict? Again, because I think it's the nature of what's being represented. Okay. So, counsel, let's suppose that the Washington statute said, before commencing a lawsuit, the parties must go to mediation. And therefore, as a part of the some kind of a certification, that mediation failed. Is that effective in federal court? No, again, I don't think that would be because you're clearly then implicating, I guess, really all three of those rules, including when the suit is commenced or adding actions that must be done. And this is, again, similar to the Waples decision, addressed something that's saying that you had to give 90 days notice to the defendant. So what's the difference in degree between saying, Washington saying, before commencing a suit, you must do X. And therefore, we need some kind of certification at the time of commencement, in order not to suffer, you know, a motion to dismiss. And Washington saying, at the time of commencement, you must indicate, you know, that you're not willing to arbitrate. And again, because I think that that's not, the distinction for me is, if you're saying forced mediation beforehand, and just simply, I've been advised of the option, I think that's a significantly different degree of action, or really compulsion of what's being required. And I think that that, it would depend on how this, and I'm not trying to say this as a cop out, but I suppose it would depend on how the statute is phrased. Let me give you a different hypo. So Washington says, at the time of commencing a tort suit, the parties must also file a certification stating whether they are willing to submit to mediation. So it's future looking instead of backwards looking. Now, does that apply to the federal court? I think that would be permissible just as the statute before this. It would be permissible. Unless I misunderstand the question. Yes, I believe so. So if you went into federal, if you went into federal court, you would now have to file a certification in federal court stating whether you were willing to submit to mediation. And if you don't file it, then presumably your suit is subject to dismissal? If the language says that's something that must, quote, must be done, then yes. How does that not conflict with the federal rules of civil procedure? I guess I would, I don't see how it, how it does conflict. You're making a statement on something outside of your grounds for jurisdiction, outside your grounds for relief and your demand for relief side. That would be Washington now dictating how the federal courts will conduct lawsuits commenced in federal court. That is, the federal courts are now going to have to provide some mechanism for getting things to mediation. Well, I think if I was understanding your question correctly, it's that the parties would pursue the mediation. And then it's the same as enforcing the bounds to any other pendant jurisdiction claim that the federal courts are going to enforce it in the same manner that the Washington courts would be enforcing it. Anything further? I'm sorry, did that address your question? Yeah, I'm not sure it answered it to my satisfaction, but you were responsive, counsel. Thank you for that. Okay. I guess just briefly, I do want to tackle something that was raised, I think, in Mr. Martin's reply brief, simply that the law is vague or incomplete. And also this idea that the title of the chapter is somehow persuasive. I think the court is correct that the, I think the term used was muddy, the procedural versus substantive law assessment is muddy. And I don't think that the title of the statute has any real bearing on that sort of analysis. But even further, counsel in briefing, in the reply brief, made new arguments that this law was incomplete or vague, citing to some authority, basically saying that you should look to the, because the law does not specify the sanction, that there really can't be a sanction. And I guess I would disagree with that. I think that it's axiomatic, two things. One, that an exercise of statutory interpretation begins with plain text. Here, the language is must. I don't believe that it needs really much parsing. And two, that... You're losing me a little bit here. Can I just, are you speaking to the argument in the reply brief, which may have been raised, I think, for the first time in the reply brief, that the remedy here is dismissal, that it should not be dismissed. Is that what you're speaking to? Yes, and that is what I'm trying to speak to. And I think what it was, it was, you are correct, it was raised for the first time on the reply brief, which is why I wanted to address it here, because it's kind of my only opportunity. But the idea being that because other portions of the law said the remedy is dismissal, that because this law doesn't say dismissal, that that's somehow fatally defective. And I guess I would just fundamentally disagree with that. Because the term must is the same as the term shall, it says that something has to be done. So given the plain language, and I think that also the, it's also axiomatic in statutory interpretation that you have to avoid a result that would render a provision meaningless. And if there is no enforcement mechanism to the statute, then it is effectively meaningless, which I think comes to another argument that was made, and I think bears a little bit of discussion here today, is this suggestion that because the defendants weren't, in Mr. Martin's view, strictly complying with the statute, then that must mean that his strict compliance should also be or should be overlooked. And I would raise three points there. So first, that the defendant's compliance or not with the statute is not an issue on appeal, just isn't there. But second, and I think more importantly, the law sets up a dual consent scenario for arbitration. The claimant either elects or declines at a commencement, and then in response, at the time of answering, a defendant elects or declines, which is why the timing is important and mandated and specified in the law. So here, the defendants did what was really kind of the best option available in light of non-compliance from the claimant, move for dismissal, because that dismissal was pending for some time and it was only partial dismissal, they did eventually have to answer and specifically called out in their answer that Mr. Martin had not complied with the statute and they were reserving rights. And I want to put forth just to the court the reason that that's done. I have one other case right now where the claimant did not comply with the statute. When it was raised on dismissal, they voluntarily non-suited the case and refiled. So that's why the reservation on answering is important because you sitting there saying in the case, in the event this case is either dismissed or refiled or comes back around, then the defendant will be in a position to be properly informed and respond to whether or not this dual consent can be satisfied for that. I also want to address the point, and I think that this ties into what I was just saying about the statute not being vague. Mr. Martin seems to fault that there was not language specifying what the sanctions would be. And so I realize that I just went over time. I'll be very, very brief here. I think that it leaves open that the lack of specifying sanctions leaves it open to the court, depending on who the party is. If it's claimant, it's dismissal. If it's defendant, it could be any number of things, including fees and costs, forced arbitration, so on and so forth. Thank you, the court, for the time. And again, I ask that the decision be affirmed. Thank you for your argument. Opposing counsel, you have a few minutes, you have six minutes left on the clock, quite a bit of time. Mr. Martin, Mr. Martin, I think I misled you with my question attributing that analysis to the district court. It was rather one of the circuit court decisions.  Yes, Your Honor. I do. I think that it excludes other requirements, especially state requirements, pleading requirements on commencement or in the complaint. Can I just push back on that? Because we've been reminded painfully for several years now about Iqbal, about Tuomly, about it's not just notice pleading. There needs to be significantly more. So I don't know if that's what Judge Seldin is getting at. But I have circles in places in your brief where I think you take a very hard line position about what is needed and what is called for by Rule 8. And so maybe I'm reading too much into your answer, but could you enlighten us, please? Well, I'm not going to argue that the developments in pleading requirements are wrong. I do think that the definition of a brief statement of facts is different from, it's entirely different from, it's sort of an expansion on what that means. That's much different than requiring a plaintiff in a medical negligence claim, with a declaration on top of what's required by the rule. Judge Seldin, did I hijack your question? No, you did not. We may have been going at this in a different way. No. Anything further? Yes, I would just like to point out, first off, that there is no, appellee seems to want it in two ways, strict compliance for one party, the plaintiff, and not strict compliance for the other. It is the ultimate sanction that he's arguing for, but it's not something that should be imposed on a defendant in this case. I, strict compliance, this second, my strict compliance arguments may have been raised in the reply for the first time, but they were also in response to his answering brief. So, the statute 020 was passed at the same time as the Certificate of Merit statute, which was invalidated by the Washington Supreme Court. That statute specifically allowed for dismissal, if there were, for noncompliance on the plaintiff's part. It was a closely related statute passed in the same legislative session, in the same tort reform push, and they should be read in light of each other as that closely related. And if the legislature in one statute said, or demanded dismissal for noncompliance, but was the statute that was, I believe, there may have been one bill in between, they were so very close, that can't be overlooked. And that omission should be viewed as intentional. I am, I have nothing further to add, Your Honor. I think that's it. Thank you both for your arguments. Very helpful. We'll stand and recess. I think that is the last argument for the day.
judges: BYBEE, CHRISTEN, Selna